UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. HARRIS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:14CV01344 AGF |
| | ) | |
| BILL HARRIS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Missouri state prisoner Christopher A. Harris, Jr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, habeas relief will be stayed to permit Petitioner to exhaust state remedies.

## BACKGROUND

In his petition, filed on July 24, 2014, Petitioner challenges the June 18, 2014 revocation of his probation and execution of a sentence of seven years' imprisonment on drug possession and identity theft charges. Petitioner raises four claims challenging this probation revocation, which, he states, was based on a doctor's note that the state court believed was forged by Petitioner. Petitioner claims that his due process rights were violated because (1) the state court offered no alternative to probation revocation, even though Petitioner was not a threat to society, (2) the state court did not give him a chance to prove "the validity" of the doctor's note, and rejected Petitioner's evidence "of a

negative hair follicle test submitted,"[1] (3) the probation violation report did not include a recommendation that probation be revoked, and (4) there was no written statement from the doctor's office stating that Petitioner had written the note.

As to each ground for relief, Petitioner states that he did not appeal the revocation decision or file a motion for state post-conviction relief because he could not afford to do so. Respondent argues that the current action must thus be dismissed because Petitioner failed to exhaust his state court remedies. Respondent notes that Petitioner could file an application to proceed in forma pauperis in state court, pursuant to Mo. Rev. Stat. § 514.040. Respondent neither addresses the merits of Petitioner's claims, nor submits state court records other than the state court docket sheets.

## **DISCUSSION**

As a matter of comity, state courts should have the first opportunity to review federal constitutional issues raised in a federal habeas action and to correct any constitutional errors made by the state's trial courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A federal habeas petitioner is thus required to exhaust all available avenues of relief in the state courts before the federal courts will consider a claim. 28 U.S.C. § 2254(b), (c). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Compliance with the exhaustion

---

[1] The state court docket sheet submitted by Respondent indicates that a condition of Petitioner's probation was that he submit to hair follicle testing every 90 days. ECF No. 6-1 at 2.

requirement is excused only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Missouri state prisoners can challenge a probation revocation in a state habeas corpus action (under Missouri Supreme Court Rule 91). *State ex rel. Nixon v. Jaynes*, 73 S.W.3d 623, 624 (Mo. 2002). There is no time limit for filing such an action. *Jones v. Sachse*, No. 4:11CV01310 SNLJ, 2014 WL 4410394, at *14 (E.D. Mo. Sept. 8, 2014) (citing *Fletcher v. Armontrout*, 725 F. Supp. 1075, 1086 (Mo. Ct. App. 1989)). Thus, this remedy is available to Petitioner and must be exhausted prior to seeking federal habeas relief. *See id.* (dismissing federal habeas petition without prejudice for failure to fully exhaust a Rule 91 remedy); *Garrett v. Burgess*, No. 4:10CV654 FRB, 2010 WL 4941435, at *2 (E.D. Mo. Nov. 30, 2010) (same).

Here, however, a dismissal even without prejudice will foreclose federal habeas review of Petitioner's claims because the one-year statute of limitations for bringing such an action, pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), has elapsed. The statute of limitations for Petitioner's federal petition began to run on June 18, 2014, the day the trial court revoked his probation, *see Davis v. Purkett*, 296 F. Supp. 2d 1027, 1029-30 (E.D. Mo. 2003), and was not tolled during the pendency of the present federal action, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

This Court has the discretion to stay rather than dismiss a petitioner's habeas claim pending exhaustion of available state remedies. *See Rhines v. Weber*, 544 U.S. 269, 276

3

(2005). The Court is mindful that a federal stay should be entered "only in limited circumstances," and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," "[the petitioner's] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 277-278 (remanding case for a determination of whether a stay was appropriate.)

Courts have held that "good cause" in this context is more expansive than the "cause" needed to excuse a procedural default. *See Rankin v. Norris*, No. 5:06CV00228JMM, 2009 WL 1973475, at *3 (E.D. Ark. July 8, 2009). After *Rhines* itself was remanded, the district court suggested that a petitioner's reasonable confusion about timeliness could be sufficient to satisfy the standard. *Rhines v. Weber,* 408 F. Supp. 2d 844, 849 (D.S.D. 2005). Furthermore, a Court may consider whether the petitioner's federal habeas claims will be time-barred because the statute of limitations set forth in AEDPA expired while the habeas case was pending in federal court. *See Akins v. Kenney*, 410 F.3d 451, 455 (8th Cir. 2005); *Walker v. Houston*, No. 4:07CV3208, 2007 WL 2903005, at *1 (D. Neb. Oct. 4, 2007).

Under the circumstances of this case, where Petitioner filed his federal habeas action about five weeks after the limitations period began, but the Court did not rule on the petition until after the statute of limitations ran, the Court will exercise its discretion to stay the current action, rather than dismiss it for failure to exhaust state remedies. *Cf. Walker*, 2007 WL 2903005, at *2 (D. Neb. Oct. 4, 2007) (explaining that dismissing, rather than staying a federal habeas action, for failure to exhaust, was appropriate because

the one-year statute of limitations for the action had not yet run in its entirety). The Court cannot say on the record before it that Petitioner's claims are plainly meritless, and there is no indication of intentional dilatory practices by Petitioner.

The Supreme Court directed in *Rhines*, that where a stay is appropriate, "the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Rhines* 544 U.S. at 277. The Court cited with approval to a case suggesting that district courts "should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed." *Id.* at 278 (citations omitted).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Christopher Anthony Harris for a writ of habeas corpus relief is **STAYED**, subject to Petitioner filing a notice with this Court, within 30 days of this Memorandum and Order, that he has initiated state habeas corpus proceedings (by filing a petition or seeking leave to do so in forma pauperis) and attaching a copy of what he filed. Petitioner's failure to file such notice will result in dismissal of the present action without prejudice for failure to exhaust state remedies.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2017.