IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER ANTHONY HARRIS, JR., | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 4:14-CV-01344-AGF ) |
| BILL HARRIS, | ) ) |
| Respondent. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Christopher Anthony Harris Jr.'s ("Harris") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and Respondent Bill Harris's ("Respondent") motion to dismiss for failure to exhaust state court remedies and procedural default. Harris's petition challenges the revocation of his probation on June 18, 2014. For the reasons set forth below, the petition for writ of habeas corpus will be denied and dismissed without prejudice.

**BACKGROUND**

**Criminal Proceedings**

Harris's probation revocation was related to three underlying criminal convictions for identity theft and possession of controlled substances. Harris plead guilty in all three matters. On May 18, 2012, Harris received a seven-year suspended execution of sentence and a three-year term of probation for possession of a controlled substance in *State v. Harris*, No. 0811-CR04580-01. On that same day, Harris received a seven-year

suspended execution of sentence and a five-year term of probation for a separate possession of a controlled substance conviction in *State v. Harris*, No. 1111-CR03930-01. On September 13, 2010, Harris received a seven-year suspended execution of sentence and a five-year term of probation for identity theft in *State v. Harris*, No. 0911-CR04596-01.

On June 18, 2014, Harris's probation on all three cases was revoked and he was sentenced to seven years at the Missouri Department of Corrections.

**Federal Habeas Petition**

On July 31, 2014, Harris filed a pro se federal habeas petition under § 2254. His petition claims that his probation was wrongly revoked because (1) the court failed to offer Harris any alternatives to incarceration; (2) the court failed to consider exculpatory evidence; (3) the court failed to provide Harris with written notice of his violations and bases for revocation; and (4) the court failed to provide a written statement regarding its finding that Harris forged a doctor's note. (Doc. No. 1). Harris's petition did not challenge his underlying convictions.

On August 11, 2014, the Court ordered the Respondent to show cause in writing why Harris's habeas petition should not be granted. (Doc. No. 3). On September 25, 2014, the Respondent filed his response, arguing that Harris had failed to exhaust his state-court remedies as required. (Doc. No. 6). On June 9, 2017, this Court issued an order staying all proceedings so that Harris could exhaust any remaining state-court remedies. (Doc. No. 9).

**State Exhaustion**

On August 15, 2017, after the stay was issued, Harris filed a state petition for a writ of habeas corpus in St. Charles County.[1] *Harris v. Harris*, Case No. 1711-CC00810. Respondent filed a response, but the state case was ultimately dismissed for failure to prosecute on June 26, 2018. (Doc. Nos. 17-1, 17-2). Upon this dismissal, Harris did not petition for relief in a higher court, as he was permitted to do, nor has Harris filed any other state court actions.

On April 22, 2016, Harris was paroled. He was discharged from parole on January 22, 2021. (Doc. Nos. 17-3, 17-4).

**Motion to Dismiss**

On July 13, 2022, this Court ordered Respondent to file a status report advising the Court of the status of Harris's state post-conviction proceedings and whether Harris remained in custody. (Doc. No. 15).

On August 17, 2022, Respondent advised the Court of the above state-court proceedings and Harris's parole and termination of parole. Respondent also filed a motion to dismiss Harris's federal habeas petition on the grounds of mootness, failure to exhaust state court remedies, and procedural default. (Doc. No. 17).

Respondent argues that Harris's petition is now moot because Harris is no longer in Respondent's custody, the Court can no longer issue effective relief, nor are there are

---

[1]   Venue was improper because Harris was required to seek relief in the county where he was confined, not where his convictions originated. Harris was an inmate at the Fulton Reception Diagnostic and Correctional Center, located in Calloway County, when he filed his petition. Harris was apprised of this and failed to take any action.

any collateral consequences at stake. Respondent also argues that even if the issues are not moot, the petition should be dismissed due to Harris's failure to exhaust his state court remedies. Lastly, Respondent argues that Harris has procedurally defaulted on his ability to seek state-court relief because he is no longer incarcerated and has been discharged from parole.

On August 15, 2022, Harris filed an opposition to the motion to dismiss. (Doc. No. 19). His response did not directly address the arguments. In response to the mootness argument, Harris appears to attack the validity of his underlying convictions for the first time, arguing that he was advised by ineffective counsel in all in all three of his cases to plead guilty. He does not explain how his counsel was ineffective beyond stating that his possession of a controlled substance conviction under Case No. 1111-CR03930 would not be considered a felony by today's law.

In response to the failure to exhaust state court remedies argument, Harris states that he tried to appeal his probation revocation when he was initially incarcerated in June 2014, but his attorney was denied access to visit him in jail. Doc. No. 19 at 3 ("My lawyer was denied a visit to me to start the appeal proceedings. The visitor log would show this valid, he stated the St. Charles County Jail communicated that their internal computer system was not operating properly.")

Lastly, in response to the procedural default argument, Harris argues that he could not afford an appeal nor was there any possible course of action where he could appeal the revocation of his probation because he was taken into custody at his probation revocation hearing, illegally, without his lawyer present.

## DISCUSSION

**Mootness – Custody Requirement**

Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A petitioner must be "in custody" at the time his § 2254 petition is filed.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  A petitioner need not be physically confined in order to be considered "in custody" for a habeas challenge under § 2254.  *Maleng v. Cook*, 490 U.S. 488, 491.  "An ongoing term of probation or parole is sufficient restraint on a petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254."  *Dunn v. Precythe*, No. 4:19-cv-02932-MTS, 2022 WL 17813028, at *1 (E.D. Mo Dec. 6, 2022) (citing *Jones v. Cunningham*, 371 U.S. 236, 242 (1963)).

However, a habeas petitioner does not remain "in custody" once his imposed sentence, including any probation or parole, has fully expired.  *See Maleng*, 490 U.S. at 491-92.  Thus, in order for a petitioner to maintain a case or controversy as required under Article III, §2 of the Constitution, a habeas petitioner with an expired sentence must show "some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Larson v. Fabian*, 324 F. App'x 540 (8th Cir. 2009) (Petitioner's appeal dismissed because the intervening completion of his revocation sentence mooted his claims, and no collateral consequences were asserted or apparent.)

Harris has failed to assert any collateral consequences related to his probation revocation, nor are any apparent from the record. As such, Harris's federal habeas petition is subject to dismissal as moot.

**Failure to Exhaust State Court Remedies**

Even if Harris were able to demonstrate collateral consequences of his probation revocation, his failure to exhaust state court remedies bars relief in this Court.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears the petitioner is not entitled to relief. In order for a state prisoner to obtain review under 28 U.S.C. § 2254, he must have fully exhausted all remedies available in the state courts for all his alleged federal habeas grounds. *See* 28 U.S.C. § 2254(b); *Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017); *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010). "A failure to exhaust remedies properly in accordance with state procedures results in procedural default of the prisoner's claims." *Welch*, 616 F.3d at 758.

To exhaust a challenge to probation revocation proceedings in Missouri, a petitioner must first file a state habeas corpus petition under Missouri Supreme Court Rule 91 in the circuit or associate circuit court of the county where he is in custody. Mo. S. Ct. R. 91.02(a); *Romano v. Wyrick*, 681 F.2d 555, 556 (8th Cir. 1982); *see Teter v. State,* 893 S.W.2d 405, 406 (Mo. Ct. App. 1995) (explaining that the "proper remedy" in Missouri state court to challenge "the legality of a probation revocation is ... habeas corpus.") Consequently, to be considered exhausted for purposes of federal habeas relief, the claims must be presented in a Rule 91 state habeas petition to either the Missouri

Court of Appeals or the Missouri Supreme Court. *Romano*, 681 F.2d at 556-57; *Steward v. Stange*, No. 4:19 CV 1170 CDO, 2022 WL 4078900, at *5 (E.D. Mo. Sept. 6, 2022)

Harris has failed to exhaust his state court remedies. On June 19, 2017, this Court entered a stay to allow Harris to exhaust his state court remedies. Harris subsequently filed a petition in state court which was ultimately dismissed for failure to prosecute on June 26, 2018. Harris failed to refile a state habeas petition in the correct county, nor did Harris petition for relief in the Missouri Court of Appeals or the Missouri Supreme Court. At this juncture, Harris would be procedurally barred from filing a state habeas petition in the correct county because he is no longer in custody. Mo. S. Ct. R. 91.01(b); *see State ex rel. Griffith v. Precythe*, 574 S.W.3d 761, 763 (Mo. 2019) (habeas petition is moot if offender "is no longer incarcerated and has been discharged from parole"). Thus, Harris's federal habeas petition must also be dismissed for failure to exhaust state court remedies.

**Claims Raised in Harris's Motion to Dismiss Opposition**

To the extent Harris challenges his underlying convictions in his opposition to Respondent's motion to dismiss, these claims have been procedurally defaulted and are untimely. Harris's claims of ineffective assistance of counsel relating to his underlying convictions were raised for the first time on August 15, 2022, in Harris's opposition to the motion to dismiss. By this time, Harris had completed his sentence and been fully discharged from parole, thus he was not "in custody" at the time these claims were raised. As such, Harris's challenges to his underlying conviction are procedurally barred from review in both federal and state court. Mo. S. Ct. R. 91.01(b); *see Precythe*, 574 S.W.3d

at 763 (habeas petition is moot if offender "is no longer incarcerated and has been discharged from parole").

Such claims are also untimely. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates, as set forth in 28 U.S.C. § 2244(d)(1). *Jihad v. Hvass,* 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final, to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *See State v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten (10) days after the judgment was entered. Mo. Sup. Ct. R. 30.01(a); Mo. Sup. Ct. R. 81.04(a). As a result, Harris's judgment on his original convictions became final ten (10) days after he was originally sentenced to the suspended execution of sentence, and his statute of limitations expired a year and ten days after that time. Thus, Harris's habeas petition with respect to Case No. 0911-CR04596-01 was due to this Court no later than September 23, 2011, and Harris's habeas petitions with respect to Case Nos. 0811-CR04580-01 and 1111-CR03930-01 were due to this Court no later than May 28, 2013. The Court did not receive any challenges to these convictions until August 15, 2022. Even if the Court were to construe

Harris's claims in his opposition as a petition for writ of habeas corpus, it was approximately nine years too late. As such, the Court finds that these claims are time-barred pursuant to 28 U.S.C. § 2254.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Christopher A. Harris's motion filed under 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2023.